## In Re Anonymous No. 49 D.B. 82

Disciplinary Board docket no. 49 D.B. 82.

JOHNSON, *Chairman*, March 11, 1983—A hearing on the above entitled proceeding was held before hearing committee [ ] on Wednesday, January 26, 1983, at 10:00 am, in [ ]. The hearing committee was composed of [ ]. The Office of Disciplinary Counsel (petitioner) was represented by [ ], Assistant Disciplinary Counsel, and [Respondent] was present and represented by [ ].

The gravamen of petitioner's complaint is that respondent violated Disciplinary Rules 2-110 (A)(1), 2-110(A)(2) and 7-101(A) by withdrawing from his client's employment without prior court approval and in a manner prejudicial to the client. The committee heard testimony that in January 1981 complainant and respondent entered into a written retainer agreement. This agreement provided for a retainer of $1,500 to be applied against hourly charges for services. Complainant was to pay for additional hourly charges and expenses when billed by respondent. In July 1981, respondent sent an invoice to complainant for additional amounts owed in the amount of $298. On July 20, 1981, respondent advised petitioner in writing of the hearing for support from her spouse on August

10, 1981. On August 7, 1981, respondent called complainant to remind her of the hearing and advised that the outstanding balance of his bill must be paid before he would proceed to the August 10, 1981 hearing. On August 9, 1981, complainant telephoned respondent at his residence and advised that she could not pay his outstanding bill but indicated a willingness to sign a note for the outstanding fees. Respondent advised complainant that he would not attend the hearing without full payment of the outstanding invoice, and that complainant would have to act on her own behalf. Respondent further advised complainant that he would meet with her prior to the hearing to instruct her how to argue on her own behalf and provide her with any relevant documentation. Complainant did not meet with respondent prior to the hearing and represented herself at the hearing.

The hearing officer issued recommendations that complainant's monthly alimony and counsel fee awards be reduced. On August 21, 1981, the court entered an order approving the recommendations. Respondent testified that complainant's participation in the hearing was not prejudicial to her interests, since the recommendations of the hearing officer were based on a change in complainant's husband's economic circumstances. Other testimony at the hearing indicated that Local Rule 1012 of [ ] County is not enforced at the hearing officer level.

The hearing committee found that respondent's conduct violated Disciplinary Rules 2-110(A)(1) and 2-110(A)(2). While the committee did not view the violations as substantial, it was concluded that once violations were determined, the committee must define a form of discipline. The committee determined that the discipline would be an infor-

mal admonition. Charges with respect to Disciplinary Rule 7-101(A) were dismissed.

The appropriate course of action would have been for respondent to appear at the hearing with his client, advise the hearing officer of his intention to withdraw from the case and request a postponement of the hearing pending the approval of the court. Respondent's failure to obtain approval of the court prior to withdrawing from his client's employment constitutes a violation of Disciplinary Rule 2-110(A)(1).

Similarly, Disciplinary Rule 2-110(A)(2) provides that a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including complying with applicable laws and rules. Although it is true that respondent agreed to review the matter with his client and provide her with relevant documentation from his file prior to the hearing, he nonetheless failed to comply with applicable local rules regarding withdrawal. Accordingly, respondent's conduct also constitutes a violation, albeit technical, of Disciplinary Rule 2-110(A)(2).

The evidence presented to the hearing committee did not establish that respondent's conduct violated Disciplinary Rule 7-101(A). This rule pertains to the intentional failure of a lawyer to perform legal services he agreed to render on behalf of his client. Although it is true that respondent refused to continue working for his client when she did not pay his outstanding fee, the evidence presented to the hearing committee did not establish that respondent intentionally failed to carry out the terms of his contract of employment. Although respondent's failure to seek court approval before withdrawing from the case cannot be condoned, his willingness

to meet with the client prior to the hearing to prepare her for the hearing and provide her with relevant documentation from his file clearly establishes that respondent did not intentionally fail to carry out the terms of his contract of employment. Accordingly, the hearing committee finds no violation of Disciplinary Rule 7-101(A) and dismisses the charges with respect thereto.

## ORDER

And now, March 11, 1983, the report and recommendation of hearing committee [ ] dated February 16, 1983, pursuant to §89.181 of the Disciplinary Board Rules is accepted, and there being no exceptions filed, it is ordered and decreed, that the said [Respondent] of [ ] County, be subjected to an informal admonition by Disciplinary Counsel as provided in Rule 204(6) of the Pennsylvania Rules of Disciplinary Enforcement. Costs are to be paid by respondent.

Mary Bell Hammerman, Esq., dissents and would recommend a private reprimand.